ROGERS, Circuit Judge,
concurring in the judgment.
This case is a far cry from Judge Moore’s noted hypothetical in United States v. Dyer, 580 F.3d 386 (6th Cir.2009), and probable cause existed to issue the search warrant authorizing agents to search Mr. Neal’s house at 637 South Bea-man Street. Through an extensive investigation that included video surveillance of the house for more than two weeks, Agent Noeera independently corroborated the details that the informant had provided to law enforcement officials. In addition, Agent Noeera averred that “there has been an inordinate amount of visitors to this house which, based on my training and experience, is indicative of a house used for drug trafficking purposes. This is particularly true of a house, such as this one, which does not appear to be used as a residence.” Although many of the facts that Agent Noeera corroborated are not inherently incriminating, corroboration of even non-incriminating facts can be sufficient to establish probable cause. See Illinois v. Gates, 462 U.S. 213, 244, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under a totality of the circumstances analysis, Agent Nocera’s substantial corroboration of the informant’s statements supports the conclusion that the U.S. Magistrate Judge’s warrant was based on probable cause.
However, because the good faith exception to the exclusionary rule applies in this case for the reasons set forth in the majority’s opinion, it is unnecessary to reach the issue of whether probable cause exists. Therefore, I concur in the judgment.